**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JAMES DONNELL, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1433 |
| | § | |
| THE DOW CHEMICAL COMPANY, | § | |
|    Defendant. | § | |

**MEMORANDUM AND ORDER**

This employment discrimination case is before the Court on the Motion for Summary Judgment [Doc. # 9] filed by Defendant The Dow Chemical Company ("Dow"), to which Plaintiff James Donnell filed his response in opposition [Doc. # 12] and Dow filed its reply [Doc. # 13]. Based on a careful review of the full record in this case and the governing legal authorities, the Court concludes that Defendant's motion should be granted.

**I.  FACTUAL BACKGROUND**

The material facts in this case are undisputed. Plaintiff, a Vietnamese-American, was employed by Dow as a plant technician at the Dow facility in LaPorte, Texas. At the time Plaintiff was hired, he was informed of Dow's "Development Curve" for

employees such as Plaintiff who were hired after July 17, 1997.[1] The Development Curve included an expectation that employees would progress from the entry level to the "A1" level in approximately four to five years. While progressing through the Development Curve, employees were required to maintain satisfactory progress in their training.

Plaintiff completed eleven training modules (or "TRBs") in 1999 and twelve training modules in 2000. At that point, Plaintiff had eighteen TRBs to complete. It is undisputed that Plaintiff did not complete another training module for the next two years. It is undisputed that Plaintiff's supervisor, Paul Pieri, met with Plaintiff during 2001 to discuss Dow's training requirements and to remind Plaintiff that he was expected to maintain progress in completing the training modules.[2] Despite these discussions, Plaintiff did not complete a training module in 2001.

In February 2002, Pieri met with Plaintiff to discuss Plaintiff's failure to complete training modules and to remind Plaintiff that continued failure to make progress with his training could result in Plaintiff's termination. Pieri reminded Plaintiff

---

[1] Employees hired prior to July 17, 1997 were not included in the Development Curve system. Instead, those employees had an individual Development Plan for achieving "A1" status.

[2] Plaintiff notes that he did not sign the written records of these meetings in 2001-2002, and he claims not to remember each meeting. Plaintiff does not, however, dispute that Pieri met with him on several occasions to discuss the training issue. Indeed, Plaintiff alleges in connection with his racial harassment claim that Pieri repeatedly emphasized to Plaintiff the need to make progress with his training.

that he had not completed a TRB since November 2000. A plan was developed with the assistance of Pete Winegar, Dow's Training Coordinator, which required Plaintiff to complete two TRB subjects every three months. *See* Email dated March 8, 2002, Exh. I to Dow's Motion for Summary Judgment. It is undisputed that Plaintiff did not follow the new training plan, failing to complete a single training module during the remainder of his employment with Dow.

In the fall of 2002, Pieri met with Plaintiff on other occasions to discuss Plaintiff's failure to make progress in the training aspect of the Development Curve. On November 11, 2002, Plaintiff was reminded that he needed to complete five training modules by the end of the month. *See* Pieri's Notes Dated November 18, 2002, Exh. K to Dow's Motion for Summary Judgment. Plaintiff did not complete any training modules.

In December 2002, Pieri recommended that Plaintiff be terminated for failing to make any progress in his training, specifically failing to complete any training modules for two years. Plaintiff's employment with Dow was terminated on December 7, 2002.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 4, 2003, alleging that Dow discriminated against him on the basis of his Asian race and Vietnamese national origin. The EEOC issued a Notice of Right to Sue, and Plaintiff filed this lawsuit in April 2004. Plaintiff alleges

that Dow discriminated against him on the basis of his race and national origin, and that Dow harassed him on the basis of his race.

## II.   ANALYSIS

### A.   Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure requires the entry of summary judgment, after an adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). An issue is material if its resolution could affect the outcome of the case. *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy – that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998). If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)).

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that "unsworn pleadings do not constitute proper summary judgment evidence"). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). Instead, the nonmoving

party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the court will not assume that the nonmovant could or would prove the necessary facts. *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *revised on other grounds upon denial of reh'g*, 70 F.3d 26 (5th Cir. 1995); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### B. <u>Employment Discrimination Claim</u>

"In order to establish a *prima facie* case of discrimination on the basis of race or national origin, a plaintiff must show he or she was: (1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated." *Abarca v. Metropolitan Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005). Plaintiff has presented evidence that he is a Vietnamese-American, that he was performing his work in a satisfactory manner, and that he was discharged.

Plaintiff has failed, however, to present evidence that he was treated differently from similarly situated co-workers. For another employee to be "similarly situated," the employee's circumstances, including the conduct for which the plaintiff was discharged, must be "nearly identical." *See Perez v. Texas Dept. of Crim. Justice*, 395

F.3d 206, 213 (5th Cir. 2004), *pet. for cert. filed*. The "conduct at issue is not nearly identical when the difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001), *cert. denied*, 535 U.S. 1078 (2002). In addition to nearly identical conduct, the employees' circumstances must be nearly identical. *See Krystek v. Univ. of So. Miss.*, 164 F.3d 251, 257 (5th Cir. 1999) (non-tenure track professor is not similarly situated to a tenure track professor).

The extent to which the plaintiff's situation and that of the comparator must be nearly identical is made clear in the Fifth Circuit's recent decision in *Wheeler v. BL Development Corp.*, __ F.3d __, 2005 WL 1524974 *6 (5th Cir. June 29, 2005). In *Wheeler*, the plaintiffs and the comparator all had the same supervisor, one plaintiff and the comparator were both directors, and both plaintiffs and the comparator were accused of removing company assets at relatively the same time. *Id.* The Fifth Circuit affirmed the district court's determination that the plaintiffs failed to establish a *prima facie* case of race discrimination because the employee with whom they sought to compare themselves had taken company property worth "dramatically less" than the property taken by the plaintiffs, and the comparator admitted her conduct whereas the

plaintiffs "were found to have been less than truthful throughout the investigation into their activities." *Id.*

In the case at bar, Plaintiff has failed to present evidence that employees of different races and national origins were treated differently in "nearly identical" circumstances. Plaintiff points to six Caucasian employees who did not complete their training in a timely fashion, but those six employees were hired before July 1997 and were not on the Development Curve program. Four Caucasian employees who were on the Development Curve program with whom Plaintiff seeks to compare himself were behind in their training, but were making progress. None of the four had gone two years without completing a training module. Additionally, the evidence in the record establishes that Jerry Hicks, a Caucasian male who was on the Development Curve program, was terminated for not making satisfactory progress with his training.

Plaintiff also argues that other employees were given "uninterrupted training time" and he was not. Plaintiff alleges that this "uninterrupted training time" occurred during a period before Pieri became Plaintiff's supervisor. There is no evidence that Plaintiff requested "uninterrupted training time" or that Pieri permitted other employees to have this privilege. Pieri was the decision-maker regarding Plaintiff's discharge, and there is no evidence that Pieri treated similarly situated employees differently.

Plaintiff also argues that his failure to make progress with his training did not affect his ability to perform his job. Plaintiff's perception of the importance of Dow's training requirement is not material to whether similarly situated employees were treated more favorably than he was. Additionally, it is abundantly clear from the record that Dow considered training an important job requirement to the extent that it terminated the employment of at least two employees for failing to make such progress.

Plaintiff has failed to present evidence that he was treated differently than similarly situated employees of other races or national origins. As a result, he cannot establish a *prima facie* case of race or national origin discrimination and Defendant is entitled to summary judgment on these claims.

### C.     Race Harassment Claim

To establish a *prima facie* case of racial harassment by a supervisor, the plaintiff must show that (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on his race; and (4) the harassment complained of affected a term, condition or privilege of employment. *See Celestine v. Petroleos de Venezuella S.A.*, 266 F.3d 343, 353 (5th Cir. 2001) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998)). "For harassment to affect a 'term, condition, or privilege of employment' it must be 'sufficiently severe or

pervasive so as to alter the conditions of employment and create an abusive working environment.'" *Id.* (quoting *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999)).

Initially, the Court notes that Plaintiff in his response to Defendant's Motion for Summary Judgment mentions the racial harassment claim only in the "Summary of Argument" section with the single sentence, "Also, Dow harassed Mr. Donnell because of his race" and in a section title, "Mr. Donnell Clearly Establishes a *Prima Facie* Case of Race and National Origin Discrimination Under Title VII, as well as Racial Harassment." He does not discuss the claim in the body of that section. Moreover, Plaintiff makes no attempt to cite the Court to evidence which supports his claim. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

It is undisputed that Plaintiff belongs to a protected group. It is clear that he complains of unwelcome treatment, specifically that he felt a strained atmosphere when he entered a room where Pieri was, that he felt Pieri had a better relationship with other employees, and that Pieri emphasized to Plaintiff the need to make more progress with his training.

Plaintiff has failed to present evidence that the treatment about which he complains was based on his race. Indeed, when asked during his deposition about why he believed there was a strained relationship with Pieri, Plaintiff testified "I don't know. I can only speculate." *See* Plaintiff's Deposition, Exh. A to Defendant's Motion for Summary Judgment, p. 75-76. He then stated that he *felt* that the strained relationship was because he is Vietnamese-American, then testified "[a]nd I think also the fact that there was favoritism" which Plaintiff does not link to his race. *Id.* at 76 (emphasis added).

Although Plaintiff believes that Pieri was emphasizing the training problems because it was "the only loophole he could find . . .," Plaintiff conceded that he was not making progress in his training and admitted that it could probably be that Pieri was stressing training with Plaintiff because Plaintiff had not completed any training for two years. *Id.* at 81. Plaintiff's own subjective belief that the perceived treatment was based on his race is not sufficient to create a genuine issue of material fact. *See Haley v. Alliance Compressor LLC*, 391 F.3d 644, 651 (5th Cir. 2004); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996).

Plaintiff also fails to present evidence that the mistreatment about which he complains affected a term, condition or privilege of employment. In determining whether this element is satisfied, the Court considers the totality of the circumstances,

including (1) the frequency of the discriminatory conduct; (2) the severity of the challenged conduct; (3) whether the mistreatment was physically threatening or humiliating, or merely an offensive comment; and (4) whether the alleged harassment unreasonably interfered with the employee's work performance. *See Shepherd v. Comptroller of Public Accounts*, 168 F.3d 871, 874 (5th Cir. 1999). Plaintiff has not presented any evidence of the frequency of the alleged mistreatment, and the conduct he describes is neither severe nor physically threatening or humiliating. Plaintiff does not present evidence that the alleged harassment interfered with his work performance, arguing instead that his work performance was exceptional.

Plaintiff has failed to present evidence which raises a genuine issue of material fact in support of his racial harassment claim and, as a result, Defendant is entitled to summary judgment on this claim.

### III.   CONCLUSION AND ORDER

Plaintiff has failed to present evidence to raise a genuine issue of material fact in support of his *prima facie* claims of race and national origin discrimination. Plaintiff has also failed to present evidence which creates a genuine issue of material fact regarding his claim of a racially hostile work environment. As a result, Defendant is entitled to summary judgment and it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 9] is **GRANTED**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **15th** day of **July, 2005**.

*[signature]*

Nancy F. Atlas
United States District Judge